IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TIMOTHY BYRON TEAGUE, #168828, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:13-CV-703-WHA |
| ) | [WO] |
| ) | |
| D.T MARSHALL, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Timothy Byron Teague ["Teague"], an indigent state inmate. In this complaint, Teauge alleges transport officers with the Montgomery County Sheriff's Department acted with deliberate indifference to his medical needs after a traffic accident during his transfer to the custody of the Alabama Department of Corrections. *Complaint Doc. No. 1* at 5.

Pursuant to the orders of this court, the defendants filed a written report and supplement thereto supported by relevant evidentiary materials in which they addressed the claim for relief presented by Teauge. The report and evidentiary materials refute the self-serving, conclusory allegations presented by Teauge in the complaint. Specifically, the undisputed evidentiary materials indicate that emergency medical technicians ["EMTs"] arrived on the scene within approximately forty-seven (47) minutes of the accident. *Defendants' Exhibit 2 - Doc. No. 15-1* at 2. One of the responding EMTs examined Teague and completed a body chart noting that he observed no injuries to Teague. *Id*. A member of a local fire and rescue squad also evaluated Teague and found no

injuries.  *Id*.  Teague likewise indicated to first responders that he did not require medical treatment.  *Defendants' Exhibit 3 (Uniform Traffic Report) - Doc. No. 13-3* at 2.  In addition, upon their arrival at Limestone Correctional Facility, the transport agents advised correctional personnel of the accident and requested that the prison medical staff examine Teague.  *Defendants' Exhibit 2 - Doc. No. 15-1* at 2.  This examination revealed "no injuries or any evidence of injuries present." *Id*.

In light of the foregoing, the court issued an order directing Teauge to file a response to the defendants' written report.  *Order of December 10, 2013 - Doc. No. 16*.  The order advised Teauge that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original).  Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action.  *Id*.  The time allotted Teauge for filing a response in compliance with the directives of this order expired on January 27, 2014.  As of the present date, Teauge has failed to file a requisite response in opposition to the defendants' written reports.  The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate.  After such review, it is clear that dismissal of this case is the proper course of action at this time.  Teauge is an indigent individual.  Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual.  Additionally, Teauge's inaction in the face of the defendants' reports and evidence suggests a loss of interest in the continued prosecution of this case.  Finally, the undisputed evidentiary materials submitted by the defendants, including but not limited

to the traffic report complied by the on-scene state trooper, indicate that no violation of the Constitution occurred. It therefore appears that any additional effort by this court to secure his compliance would be unavailing. Consequently, the court concludes that the plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

    For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. It is further

    ORDERED that on or before March 6, 2014 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

    Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v.*

*Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of February, 2014.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE